IN THE UNITED STATES DISTRICT COURT
               FOR THE DISTRICT OF MARYLAND

LA'MOORE QUEEN DEVI              :
                                 :
    v.                           :   Civil Action No. DKC 16-3790
                                 :
PRINCE GEORGE'S COUNTY, et al.   :
                                 :

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this civil rights case are partial motions to dismiss or, in the alternative, for summary judgment filed by Defendants Prince George's County (the "County") and Prince George's County Police Officers Alton Bradley and Daniel Conley. (ECF Nos. 20; 29). The issues have been briefed, and the court now rules, no hearing being deemed necessary. Local Rule 105.6. For the following reasons, the partial motions to dismiss will be granted.

I. **Background**[1]

On March 8, 2015, Plaintiff La'Moore Queen Devi ("Plaintiff"), while in transit to visit her brother Antonio Thomas, was driving through the parking lot of Henson Creek Apartments, when she was pulled over by private security for the

---

[1] Unless otherwise noted, the facts outlined here are set forth in the complaint and construed in the light most favorable to Plaintiff.

apartment complex for failing to stop at a stop sign. (ECF No. 1 ¶¶ 8-10). Mr. Thomas emerged from his apartment and notified Plaintiff that the men were private security for the apartment complex and that she should neither give them her identification nor answer any questions. (*Id.* ¶ 12). Plaintiff was issued a warning citation, and Mr. Thomas and the security guards continued to argue about the guard's treatment of visitors to the apartment complex. (*Id.* ¶¶ 13-14). Plaintiff subsequently left the apartment complex without further incident. (*Id.* ¶ 17).

The following day, Plaintiff returned to the Henson Creek Apartments. While inside Mr. Thomas's apartment, Mr. Thomas's girlfriend informed Plaintiff that County police and apartment security had blocked in her vehicle and were on their way upstairs to Thomas's apartment. (*Id.* ¶ 18). Upon opening the front door to the apartment, Plaintiff was met by Officers Bradley and Conley, who allegedly forced their way through the partially open door, grabbed Plaintiff by the neck, twisted her arms behind her back, and slammed her against the wall with sufficient force to break the dental retainer in her mouth. (*Id.* ¶¶ 20, 21, 23). After Plaintiff's arrest, she was transported to the Upper Marlboro Department of Corrections and charged with trespassing upon private property, resisting arrest, and failure to obey a lawful order of a law enforcement

officer.  (*Id.* ¶¶ 24, 26).  Those charges were dismissed *nolle prosequi* on December 7, 2015.  (ECF No. 1-4).

On November 23, 2016, Plaintiff filed a complaint against Defendants alleging claims for malicious prosecution (Count I); unlawful custom, pattern, or practice of improper conduct under Maryland law (Count II); gross negligence (Count III); § 1983 excessive force (Counts IV and V); and § 1983 *Monell* liability (Counts VI and VII).  (ECF No. 1).  On February 7, the County and Officer Bradley filed a partial motion to dismiss or, in the alternative, for summary judgment.  (ECF No. 20).  The County moves to dismiss all claims except Count V.  Officers Bradley and Conley move to dismiss Counts II, IV, VI, and VII.  Plaintiff submitted her opposition to the County and Officer Bradley's motion on February 24 (ECF No. 24), and the County and Officer Bradley replied on March 10 (ECF No. 25).  After Officer Conley was served, he filed his motion adopting the arguments made by Officer Bradley in the County and Officer Bradley's motion (ECF No. 29), to which Plaintiff submitted her opposition on May 2, adopting all arguments made in her opposition to the County and Officer Bradley's motion.  (ECF No. 30).

## II. Standard of Review

The purpose of a motion to dismiss under Rule 12(b)(6) is to test the sufficiency of the complaint.[2] *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006). A plaintiff's complaint need only satisfy the standard of Rule 8(a), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). "Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 n.3 (2007). That showing must consist of more than "a formulaic recitation of the elements of a cause of action" or "naked assertion[s] devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted).

At this stage, all well-pleaded allegations in a complaint must be considered as true, *Albright v. Oliver*, 510 U.S. 266, 268 (1994), and all factual allegations must be construed in the light most favorable to the plaintiff, *see Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 783 (4th Cir.

---

[2] The Defendants move to dismiss or, in the alternative, for summary judgment. Material outside of the pleadings was not submitted with Defendants' motions. Accordingly, the Defendants' motions will be analyzed as motions to dismiss. *See Pruitt v. Wells Fargo Bank, N.A.*, No. DKC-15-1308, 2015 WL 9490234, at *2 ("In reviewing [a] motion to dismiss, the court may consider allegations in the complaint . . . without converting the motion into one for summary judgment.").

4

1999) (citing *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993)). In evaluating the complaint, unsupported legal allegations need not be accepted. *Revene v. Charles Cty. Comm'rs*, 882 F.2d 870, 873 (4th Cir. 1989). Legal conclusions couched as factual allegations are insufficient, *Iqbal*, 556 U.S. at 678, as are conclusory factual allegations devoid of any reference to actual events, *United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979); *see also Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009). Ultimately, a complaint must "'permit[ ] the court to infer more than the mere possibility of misconduct' based upon 'its judicial experience and common sense.'" *Coleman v. Md. Court of Appeals*, 626 F.3d 187, 190 (4th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 679).

### III. Analysis

#### A. Tort Claims against the County

The County argues that Counts I and III should be dismissed against it because, as a municipality, it is immune from suit based on the tortious acts of its employees.

A state's right to governmental immunity is "deeply ingrained in Maryland law" and may not be waived in the absence of express or implied statutory authorization. *Nam v. Montgomery Cty.*, 127 Md.App. 172, 182 (1999). A municipality, such as the County, is also entitled to governmental immunity. *Id.* at 183. ("When the state gives a city or county part of its

police power to exercise, the city or county to that extent is the state."). Specifically, municipalities are generally immune from common law tort suits when engaged in governmental, as opposed to proprietary, acts. *Id.; DiPino v. Davis*, 354 Md.App. 18, 47 (1999). "The operation of a police force is a governmental function." *Hector v. Weglein*, 558 F.Supp. 194, 206 (1982)(citations omitted). Thus, the County is immune as to common law tort claims asserted against it based on torts committed by its police officers. *See Gray–Hopkins v. Prince George's Cty.*, 309 F.3d 224, 234 (4th Cir. 2002). Although Section 5-303(b) of the Local Government Tort Claims Act ("LGTCA") requires the County to indemnify a judgment against its employee for damages resulting from a tortious act committed by the employee within the scope of employment, the LGTCA does not permit a plaintiff to name the County directly in a common law tort suit. Md.Code Ann., Cts. & Jud. Proc. § 5-303(b); *Martino v. Bell*, 40 F.Supp.2d 719, 722 (D.Md. 1999)(citing *Dawson v. Prince George's Cty.*, 896 F.Supp. 537, 539 (D.Md. 1995)). Accordingly, governmental immunity bars Counts I and III against the County, and the County's motion will be granted as to Counts I and III.

**B.  *Monell* Claims against the County[3]**

The County also asserts that Counts VI and VII must be dismissed because Plaintiff has failed to plead sufficient facts in her complaint under *Monell v. Dept. of Soc. Servs.*, 436 U.S. 658 (1978).  Under *Monell*, municipal liability arises only where the constitutionally offensive acts of its employees are taken in furtherance of some municipal "policy or custom."  *Milligan v. City of Newport News*, 743 F.2d 227, 229 (4th Cir. 1984).  A policy or custom can arise in four ways: "(1) through an express policy, such as a written ordinance or regulation; (2) through the decisions of a person with final policymaking authority; (3) through an omission, such as a failure to properly train officers, that 'manifest[s] deliberate indifference to the rights of citizens'; or (4) through a practice that is so 'persistent and widespread' as to constitute a 'custom or usage with the force of law.'"  *Lytle v. Doyle*, 326 F.3d 463, 471 (4th Cir. 2003)(citing *Carter v. Morris*, 164 F.3d 215, 217 (4th Cir. 1999)).

---

[3] Although Plaintiff requests relief against all Defendants on Counts VI and VII of her complaint, she concedes in her opposition to Defendants' motions that she has "no intention of pursuing a *Monell* claim against [Officers Bradley and Conley], and they are not named in the complaint."  (ECF No. 24, at 12).  Furthermore, Plaintiff cannot state a *Monell* claim against an officer in his individual capacity.  *Lee v. Queen Anne's Cty. Office of Sheriff*, No. RDB-13-672, 2014 WL 476233 at *11 (D.Md. 2014)(citations omitted).

In Count VI, Plaintiff alleges that a policy or custom of the County has arisen through its failure to train its officers with respect to the use of excessive force. Plaintiff further alleges that a policy or custom has also arisen through certain practices that encourage officers to use excessive force.

**1. Failure to Train Properly**

Count VI of Plaintiff's complaint alleges municipal liability based on the County's alleged failure properly to train its officers with respect to the use of excessive force. Policy or custom may arise through an omission, such as a failure properly to train officers, that "manifest[s] deliberate indifference to the rights of citizens." *Id.* "'Deliberate indifference' is a stringent standard, which is only met if Plaintiff pleads facts such that the Court may draw a reasonable inference that (1) the County has actual or constructive notice of a deficiency in its training program that causes its employees to violate citizens' constitutional rights and (2) that despite this knowledge, it has chosen to retain that system." *McDonnell v. Hewitt-Angleberger*, No. WMN-11-3284, 2012 WL 1378636, at *4 (D.Md. Apr. 19, 2012)(citations omitted). Without alleging any facts from which a reasonable inference may be drawn, Plaintiff merely states in conclusory terms that the County failed to "adequately train, supervise, and discipline its officers against the use of excessive force," thereby

8

"demonstrat[ing] a gross disregard for the constitutional rights of the public and [Plaintiff]," leading to Plaintiff's injuries. (ECF No. 1 ¶ 81). Without more, Plaintiff has failed to allege the existence of a policy or custom through the County's purported failure to train its officers. *See Peters v. City of Mount Rainier*, No. GJH-14-00955, 2014 WL 4855032, at *5 (D.Md. Sept. 29, 2014); *see also Milligan*, 743 F.2d at 230 (upholding the district court's dismissal of a plaintiff's *Monell* claim where the complaint alleged only that the City was "'grossly negligent' in failing adequately to train its personnel and that this exhibited 'callous disregard' for [the plaintiff]'s constitutional rights.").

### 2. Unconstitutional Customs

Plaintiff further alleges municipal liability on the basis of "formal and informal customs, policies, and practices that foster, promote, and encourage officers to use excessive force," including: failure to effectively instruct officers that they have a duty to prevent and report excessive force when it occurs; failure to keep adequate record of acts of excessive force; failure to control and monitor the recurrence of excessive force by officers who have a pattern for such behavior; and failure to establish effective procedures, rules, orders, guidelines, and practices to ensure that excessive force will not be used. (ECF No. 1 ¶ 82(a)-(d)). Policy or custom

may arise through a practice that is so "persistent and widespread" as to constitute a "custom or usage with the force of law." *Lytle*, 326 F.3d at 471. Plaintiff fails to allege any facts to support a known history of "persistent and widespread" constitutional deprivations on the part of County employees from which to infer a policy or custom of the County. *See id.*; *Milligan,* 743 F.2d at 229-30. Plaintiff merely alleges that a pattern and practice of excessive force, failure to provide adequate medical care, cover-up, and failure to investigate has been manifested in "other prior incidents involving town officers" (ECF No. 1 ¶ 82(a)), without providing any reference to actual prior incidents involving County officers. *See Lanford v. Prince George's Cty.*, 199 F.Supp.2d 297, 305 (D.Md. 2002)(finding that the plaintiff failed to provide support for his *Monell* claim when he pleaded "conclusory factual allegations devoid of any reference to actual events"); *cf. Chen v. Mayor of Balt.*, No. L-09-47, 2009 WL 2487078, at *5 (D.Md. Aug. 12, 2009)(permitting the plaintiff's *Monell* claim to proceed past the motion-to-dismiss stage because he had alleged two "separate incidents," occurring nearly one week apart, in which the city had purportedly committed analogous due process violations); *Savage v. Mayor of Salisbury*, No. CCB-08-3200, 2009 WL 1119087, at *4 (D.Md. Apr. 22, 2009)(finding the plaintiff's allegations raised an inference of widespread police misconduct in light of

"[t]he number of officers involved, including repeat offenders, the allegations of a 'special task force,' and the blatant illegality of their actions.").

Here, Plaintiff fails to offer allegations of known, widespread conduct by County employees comparable to that allegedly committed by Defendants Bradley and Conley, *Milligan*, 743 F.2d at 230, and "a municipal policy or custom giving rise to § 1983 liability will not be inferred merely from municipal inaction in the face of isolated constitutional deprivations by municipal employees." *Id.* Plaintiff's complaint "consists of speculative, legal conclusions couched as factual allegations; not facts supporting a plausible claim." *Lewis v. Simms*, No. AW-11-2172, 2012 WL 254024, at *5 (D.Md. Jan. 26, 2012), *aff'd*, 582 F.App'x 180 (4th Cir. 2014). Plaintiff thus fails to satisfy the pleading requirements, and her *Monell* claim must be dismissed.

In Count VII, Plaintiff makes identical allegations, a failure to train and certain improper practices, with respect to making arrests and imprisonment without probable cause. Plaintiff's allegations are identically general and fail for the same reasons. Therefore, the Defendants' motions will be granted as to Counts VI and VII.

### C. *Longtin* Claim against Defendants

Defendants argue that Count II should be dismissed because Plaintiff failed to plead sufficient facts to support her claim and is unable to bring a *Longtin* claim against Officers Bradley and Conley, in their individual capacities, under Maryland law.

"*Longtin* claims are essentially Maryland's version of *Monell* claims." *Rosa v. Board of Educ.*, No. AW-11-02873, 2012 WL 3715331, at *9 (D.Md. Aug. 27, 2012). "Maryland, like the federal government, imposes liability on municipalities for widespread patterns or practices that cause constitutional injuries." *McMahon v. Cty. Comm'rs*, No. JFM-13-490, 2013 WL 2285378, at *4 n.6 (D.Md. May 21, 2013)(citing *Prince George's Cty. V. Longtin*, 419 Md. 450, 494-98 (2011)). For the same reasons that Plaintiff's *Monell* claims fail, Plaintiff's *Longtin* claim fails because she has not adequately plead facts to support a widespread pattern or practice of causing constitutional harm. *See McMahon*, 2013 WL 2285378, at *4 n.6. Maryland law does, however, recognize municipal liability based on *respondeat superior* for civil damages arising from State constitutional violations committed by employees. Plaintiff has not asserted a violation of the state constitution in her complaint.

Plaintiff argues in her opposition that she may bring a *Longtin* claim against Officers Bradley and Conley in their

individual capacities because Maryland law recognizes a pattern or practice claim for "unconstitutional actions of local government and its employees". (ECF No. 24, at 13)(citing *Longtin*, 419 Md. at 500). Plaintiff places emphasis on the language "its employees" to support her claim against the individual officers; however, the language creates liability upon the municipality for unconstitutional actions of its employees, not liability upon the individual employee. *See McMahon*, 2013 WL 2285378, at *4 n.6 ("Maryland, unlike the United States, . . . imposes *respondeat superior* liability on local government entities 'for civil damages resulting from State Constitutional violations committed by their agents and employees within the scope of the employment.'" (citation omitted)). Plaintiff has not identified any cases holding that a *Longtin* claim against an individual officer would be cognizable under Maryland law. Accordingly, Count II must also be dismissed as to Officers Bradley and Conley. *See Lee*, 2014 WL 476233, at *17.

    **D. Fourteenth Amendment Excessive Force Claim**

Defendants next argue that Count IV should be dismissed because Plaintiff's claim of excessive force during the course of her arrest is governed by the Fourth Amendment, not the Fourteenth.

13

The Fourth Amendment governs claims of excessive force during the course of an arrest, investigatory stop, or other seizure of a person, *Riley v. Dorton*, 115 F.3d 1159, 1161 (4th Cir. 1997), whereas, excessive force claims of a pretrial detainee are governed by the Due Process Clause of the Fourteenth Amendment, *Orem v. Rephann*, 523 F.3d 442, 446 (4th Cir. 2008)).

Plaintiff asserts in her opposition that applying this distinction between the Fourth and Fourteenth Amendments requires a determination by a jury as to when her arrest occurred. However, Plaintiff alleges in her complaint that Officers Bradley and Conley used excessive force when they physically restrained her inside her brother Thomas's apartment, before she was transported to the Upper Marlboro Department of Corrections for processing. (ECF No. 1 ¶¶ 20-24). An arrest occurs when the arrestee is physically restrained or when the arrestee is told of the arrest and submits. *Little v. State*, 300 Md. 485, 510 (1984). Because Plaintiff does not allege any force used by Officers Bradley and Conley at any other time, Plaintiff's alleged injury occurred during the course of her arrest and requires application of the Fourth Amendment, not the Fourteenth Amendment, to her claim. Accordingly, Count IV is dismissed.

**E. Plaintiff May Not Recover Punitive Damages from the County**

Count V seeks both compensatory and punitive damages. The County moves to dismiss Plaintiff's request for punitive damages on the ground that punitive damages are not recoverable against it. "Maryland law disallows any such assessment of punitive damages against a county." *Robles v. Prince George's Cty.*, 302 F.3d 262, 273 (4th Cir. 2002)(citing Md.Code Ann., Cts. & Jud. Proc. § 5-303(c)(1)); *see also City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271 (1981)(finding municipalities immune from punitive damages under § 1983). Therefore, although Plaintiff may seek punitive damages against Officers Bradley and Conley on Count V, Plaintiff will not be permitted to seek punitive damages against the County.

## IV. Conclusion

For the foregoing reasons, Defendants' partial motions to dismiss will be granted. Specifically, Counts II, IV, VI, and VII are dismissed as to all Defendants. Counts I and III are dismissed as to the County only. A separate order will follow.

/s/
DEBORAH K. CHASANOW
United States District Judge
